UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                    )
CARDI CORPORATION,                  )
                                    )
        Plaintiff,                  )
                                    )
    v.                              )   C.A. No. 21-233 WES
                                    )
STATE OF RHODE ISLAND DEPARTMENT    )
OF ADMINISTRATION, et al.,          )
                                    )
        Defendants.                 )
_____ )

## MEMORANDUM AND ORDER

Defendants R.I. Department of Transportation ("RIDOT") and R.I. Department of Administration (collectively, the "State") tentatively awarded a bridge repair contract to Plaintiff Cardi Corporation. However, Defendant Federal Highway Administration ("FHWA") refused to concur in the State's selection, leading the State to cancel the solicitation and initiate a new procurement process. Cardi claims that the non-concurrence violated the Administrative Procedures Act ("APA") and the Federal-Aid Highway Act. Currently pending before the Court is Cardi's Motion for a Temporary Restraining Order, ECF No. 5, which seeks to temporarily enjoin Defendants from awarding the contract to another company. For the reasons that follow, Cardi's Motion is DENIED WITHOUT PREJUDICE.

I.  DISCUSSION

To obtain the extraordinary remedy of a temporary restraining order, Cardi must show that (1) it is likely to succeed on the merits, (2) there is a significant risk of irreparable harm absent relief, (3) the equities weigh in its favor, and (4) a temporary restraining order would benefit the public interest.  See Peoples Fed. Sav. Bank v. People's United Bank, 672 F.3d 1, 8-9 (1st Cir. 2012).  The first factor is chief because, absent a likelihood of success on the merits, the additional factors are "matters of idle curiosity."  Shurtleff v. City of Boston, 986 F.3d 78, 85-86 (1st Cir. 2021) (quoting Ryan v. U.S. Immig. & Customs Enf't, 974 F.3d 9, 18 (1st Cir. 2020)).

Cardi claims that Defendants' rejection of its proposal violated the Federal-Aid Highway Act.  See Pl.'s Mot. for Temporary Restraining Order 12.  Therefore, the merits of the claims are evaluated under the APA.  See Glasgow, Inc. v. Fed. Hwy. Admin., 843 F.2d 130, 137 (3d Cir. 1988).  Pursuant to this deferential standard, a court may vacate or reverse an agency decision only if "it is 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.'"  Sorreda Transport, LLC v. U.S. Dept. of Transportation, 980 F.3d 1, 3-4 (1st Cir. 2020) (quoting Darrell Andrews Trucking, Inc. v. Fed. Motor Carrier Safety Admin., 296 F.3d 1120, 1124 (D.C. Cir. 2002)); see also 5 U.S.C. § 706(2)(A).

To qualify for funding through the Federal-Aid Highway Program, the State is required to solicit bids via a request for proposals. See 23 U.S.C. § 112(a). The winner is to be chosen "only on the basis of the lowest responsive bid submitted by a bidder meeting established criteria of responsibility." Id. § 112(b)(1). After selecting a proposal, RIDOT must obtain FHWA's concurrence; otherwise, no money will flow from Washington. See id. The scope of FHWA's review is cabined by the following statutory language:

> No requirement or obligation shall be imposed as a condition precedent to the award of a contract to such bidder for a project, or to the Secretary's concurrence in the award of a contract to such bidder, unless such requirement or obligation is otherwise lawful and is specifically set forth in the advertised specifications.

23 U.S.C. § 112(b)(1). Similarly, FHWA's regulations state that design-build contracts (like this one) "shall be awarded in accordance with the Request for Proposals document." 23 CFR § 635.114(k).

In a letter to RIDOT, FHWA justified its non-concurrence by stating that Cardi's proposal "was deemed to be non-responsive according to the terms of the [request for proposals]." Letter from H. Randall Warden to Peter Alviti (Dec. 23, 2020), ECF No. 1-10. No further explanation was given.[1] Since being sued in this

---

[1] In its Motion, Cardi argued that the non-concurrence was arbitrary because that letter contained insufficient reasons for

3

action, though, FHWA has submitted various documents laying out its reasons.

For example, an FHWA engineer named Anthony Palombo wrote that, "according to RIDOT's own evaluation of the Technical Proposal[,]" RIDOT "seems to be making the case for disqualifying this contractor as non-responsive to the [request for proposals],[2] and further states what the contractor is proposing is infeasible to the project." E-mail from Anthony Palombo to Carlos Padilla (undated), ECF No. 8-2. Palombo continued: "What is puzzling is why, after such negative findings, is this proposer still being forwarded as responsive and qualified for consideration. . . . [N]one of the other [companies that submitted proposals] have disqualifying findings or commentary." Id. The e-mail then quoted passages from the RIDOT memorandum that evaluated all three technical proposals:

---

FHWA's decision. See Pl.'s Mot. for Temporary Restraining Order 18, ECF No. 5. However, Cardi later reversed course, conceding that FHWA was not required to give reasons, but arguing that FHWA's actual reasons impermissibly strayed beyond the criteria set forth in the request for proposals. See Cardi's Reply 12-14, ECF No. 15.

[2] Cardi says this assertion was "made up from whole cloth." See Cardi's Reply 17. Based on the passages quoted below, the Court disagrees.

> The documentation materials provided by [Cardi] with respect to highway, traffic and staging was found to be of marginal quality and details were missing.[3]
>
> . . .
>
> The modeling of traffic analysis for this [alternative technical concept] was not provided, which was a requirement of the [request for proposals], rather only a qualitative overview was provided. The proposed final lane configuration would result in the need to revise [certain aspects of the project] which is not feasible for [RIDOT].
>
> . . .
>
> Some of Cardi's proposed bridge design options were found to be unacceptable and were contrary to the [base technical concept] objectives.

E-mail from Anthony Palombo to Carlos Padilla (undated), ECF No. 8-2 (quoting July 27, 2020 Mem. from Anthony Pompei to Everett Sammartino ("RIDOT Scoring Mem."), ECF No. 8-3). Palombo also highlighted the fact that Cardi's proposal received a 3/10 and 4/10 in two technical categories, as well as an overall technical score that was much lower than the competing proposals, id., and questioned whether that low overall score should have eliminated Cardi from the running:

> [C]an it be acceptable that an offeror with a score of 48.5 (for a school grade this would equate to an F) be assessed as having the ability to perform the contract? A score of less than 50 is an assessment one is less

---

[3] Cardi argues that Cardi "has never [been] 'found not capable of successfully performing the work as documented.'" Cardi's Reply 17 (quoting E-mail from Anthony Palombo to Carlos Padilla (Dec. 7, 2020), ECF No. 8-6). Given these passages (and others) from the RIDOT Scoring Memorandum, on the current record the Court concludes otherwise. See RIDOT Scoring Mem. 7, ECF No. 8-3 ("The amount of [Cardi's] Design-Build experience on bridge and highway projects was less when compared to the experience of other proposers.").

5

> likely to perform than likely to perform. To me, that entity should be disqualified based on assessed inability to perform successfully.

E-mail from Anthony Palombo to Carlos Padilla (Sept. 18, 2021), ECF No. 15-2.

Cardi argues that this communication shows that FHWA impermissibly imposed a condition precedent that was not contained within the request for proposals. <u>See</u> Cardi's Reply 19-20, ECF No. 15. However, a just as plausible take is that the technical score is simply a way of quantifying the proposer's likelihood of successfully completing the objectives of the project. If FHWA were forbidden from considering things such as a low technical score, FHWA's role would be reduced to the ministerial task of checking that the paperwork was in order. As the Third Circuit noted, "it would be astounding to find that Congress has limited the FHWA's function in a situation involving the expenditure of tens of millions of federal tax dollars to that of rubber-stamping a contract award decision by a state agency." <u>Glasgow</u>, 843 F.2d at 136. Moreover, on the current record, the Court concludes that FHWA relied on multiple deficiencies identified in RIDOT's evaluation, not just the low score. And, in any event, Cardi has not demonstrated that its interpretation is likely to succeed at trial.

Cardi also argues that FHWA's non-concurrence was unlawful because the RIDOT Scoring Memorandum applied only to the

6

"alternative technical concepts" ("ATCs") solicited in the request for proposals, not the "base technical concept" ("BTC"). See Cardi's Reply 21-24. The request for proposals stated that if a company were selected, it would be responsible for completing the base technical concept, and that the company would be responsible for completing an alternative technical concept only if that alternative was chosen by RIDOT. See Request for Proposals § 3.1, ECF No. 7-1; see also id. § 1.4 (noting that there would not be a "formal ATC process for this [request for proposals]"). Cardi therefore maintains that the alternative technical concepts were not a "requirement or obligation" that was "specifically set forth in the advertised specifications." 23 U.S.C. § 112(b)(1).

However, the current record indicates that alternative technical concepts were a component of the request for proposals, though not a focus. See Request for Proposals § 1.4 (defining "alternative technical concept" as a "proposed modification to the Base Technical Concept by a Proposer during the development of Technical Proposals"); Id. § 2.7.6(2) ("Alternative approaches and/or methodologies to accomplish the desired or intended results of this [request for proposals] are solicited."); Id. § 6.7(5)(a) ("The Proposer shall identify areas in the design, other than those specified in [Request for Proposals] Part 2 Technical Provisions in which the use of alternative and innovative construction methods would result in time and/or cost savings, improved level of

7

service, reduction in life-cycle cost, and quality changes beneficial to the State.").[4] Additionally, the current record contains conflicting evidence regarding whether the RIDOT Scoring Memorandum evaluated Cardi's entire technical proposal or just the alternative technical concepts. <u>Compare</u> Request for Proposals §§ 6.1, 6.6-6.9, 8.5 (indicating that technical scoring would address the entire technical proposal); <u>with</u> E-mail from Carlos Padilla to Gerald Yakowenko (Dec. 14, 2020), ECF No. 8-10 ("The rationale provided by RIDOT [for choosing Cardi] is that the Technical Review conducted by the Review Team was based on the ATCs rather than the BTCs . . . ."). Therefore, at this juncture, the focus on alternative technical concepts does not spoil FHWA's reasons for non-concurrence.[5]

---

[4] Thus, <u>Clark Const. Co. v. Pena</u>, 930 F. Supp. 1470, 1482-83 (M.D. Ala. 1996), in which FHWA denied concurrence for reasons wholly absent from the state's solicitation, appears to be distinguishable.

[5] Cardi's additional arguments either rehash previous points, <u>see</u> Cardi's Reply 25 ("FHWA's Arguments that its Actions were Thorough, Well-Reasoned and Supported by Evidence are Clearly without Merit."); <u>id.</u> at 26 ("Cardi's Proposal Was Clearly Responsive to RFP No. 1 and FHWA's Non-Concurrence Must Therefore be Set Aside."), or fail to address the central question of whether FHWA had an adequate basis for its decision, <u>id.</u> at 27-30 (arguing that FHWA conflated "responsiveness" with "responsibility").

II.  CONCLUSION

In sum, Cardi has not demonstrated a likelihood of success on the merits.  Therefore, the Motion for a Temporary Restraining Order, ECF No. 5, is DENIED WITHOUT PREJUDICE.


IT IS SO ORDERED.

/s/ William E. Smith
_____
William E. Smith
District Judge
Date:  July 7, 2021